PHL VARIABLE INSURANCE )
COMPANY, )
                       )
                Plaintiff, )
                       )
    vs. )           10 C 957
                       )
ROBERT GELB IRREVOCABLE )
TRUST, by and through its trustee, )
DAVID S. BLUMOFE, )
                       )
              Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motions of Defendant Robert Gelb Irrevocable Trust ("the Trust") to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 8(a)(2) and to strike the request to retain a portion of the insurance premiums at issue. For the reasons set forth below, the motion to dismiss is denied and the motion to strike is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion,[1] Plaintiff PHL Variable Insurance Company ("PHL") is an

---

[1] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

insurer based in Hartford, Connecticut. PHL is involved in the business of underwriting and issuing life insurance policies and has authorization to engage in the insurance business in Illinois.

In February 2008, the Trust submitted an application to PHL asking for a policy insuring the life of Robert Gelb ("Gelb"). The application required Gelb and the Trust to provide PHL with several pieces of important information about Gelb's net worth and income. In its written submission to PHL, the Trust represented that Gelb had a net worth of $11,000,000 and an annual earned income of $350,000. The Trust also stated that it sought the life insurance policy in order to achieve "Income Replacement/Estate Liquidity." The Trust, through its trustee, executed the application on February 8, 2008. On the basis of the representations made by the Trust in the application, PHL issued a life insurance policy to the Trust with an effective date of February 13, 2008. The policy provided for a death benefit totaling $7,000,000.

PHL alleges that the statements made by the Trust in its application regarding Gelb's financial information and the purpose of obtaining the insurance were materially incorrect. With respect to the Trust's assertions regarding Gelb's net worth and annual income, PHL alleges that it conducted an independent investigation into these issues and did not discover any basis to reasonably conclude that the Trust's statements were correct. Additionally, PHL asserts that the Trust did not accurately state its reason for

obtaining the policy at issue. The company alleges that the Trust procured the policy in furtherance of a stranger originated life insurance ("SOLI") scheme. Specifically, PHL asserts that the Trust purchased a policy insuring Gelb's life for the sole purpose of reselling the policy to a third party in the secondary market. PHL maintains that they would not have issued the policy had the Trust provided accurate responses regarding Gelb's net worth, annual income, and his reason for procuring life insurance. The company also alleges that the Trust did not have an insurable interest in Gelb's life at the time it purchased the policy on his behalf.

On February 11, 2010, PHL filed suit against the Trust seeking declaratory judgment that the policy at issue is null and void under two theories. In Count I, PHL asserts that it is entitled to rescission of the policy because of the material misrepresentations made by the Trust in applying for a life insurance policy for Gelb. In Count II, PHL alleges that it is entitled to rescission of the policy because the Trust procured a policy insuring Gelb's life but lacked an insurable interest in the life of the insured. In its prayer for relief, PHL requests an order declaring the policy to be null and void as well as an order allowing the company to retain some portion of the premiums paid by the Trust in order to offset its damages. The Trust now moves to dismiss all claims against it for failure to state a claim and to strike PHL's request to retain some or all of the premiums paid on the policy.

# LEGAL STANDARD

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 8, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "[D]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950) (internal quotation marks and editorial marks omitted). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). When examining the facts alleged and matching them with the legal claims, the court must give the plaintiff "the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602-03 (7th Cir. 2009).

# DISCUSSION

## I.      Motion To Dismiss

The Trust argues that both counts should be dismissed because PHL has not plead sufficient factual material to state a plausible claim for relief. We will address the merits of the Trust's motion with respect to each count.

## A.      Count I - Rescission For Material Misrepresentation

As an initial matter, the parties dispute whether Rule 8 standards apply to the Trust's motion with respect to Count I. The Trust contends that we should employ the more restrictive pleading standards for pleading fraud under Fed. R. Civ. P. 9(b) because PHL alleged that the Trust made fraudulent statements. PHL responds that Rule 9(b) does not supply the relevant criteria for the pleadings at issue because the company merely alleges that the Trust made material misrepresentations without fraudulent intent. Federal courts construe Rule 9(b) narrowly and apply its standards to allegations of fraud or mistake and nothing else. *Kennedy v. Vanrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003). PHL affirms that Count I seeks rescission of the policy based on alleged misrepresentations that materially affected the risk associated with furnishing the Trust with life insurance. *See* 215 ILCS § 5/154 (permitting rescission based upon a misrepresentation that materially affects risk involved in providing insurance). Because

PHL has expressly disavowed any allegations of fraudulent conduct by the Trust, we decline to apply Rule 9(b) to Count I.

Using the more liberal notice pleading standards of Fed. R. Civ. P. 8, we find that Count I states a plausible entitlement to relief. PHL alleges that the Trust made certain statements in its application for insurance, that these representations were incorrect at the time they were made, and that the information included in those statements materially affected the risk associated with insuring Gelb's life. Assuming the truth of these facts and making all inferences in PHL's favor, *Bontkowski*, 998 F.2d at 461, we conclude that PHL has plead sufficient factual matter to permit a reasonable inference that the Trust made material misrepresentations in applying for the policy at issue. *Iqbal*, 129 S. Ct. at 1949. The motion to dismiss Count I is denied.[2]

## B.    Count II - Rescission for Lack of Insurable Interest

The Trust also contends that PHL's claim for rescission based on a lack of insurable interest should be dismissed for failure to state a claim to relief that is plausible on its face. Specifically, the Trust maintains that the assertions in Count II are deficient in that they do not plead the existence of a contemporaneous collateral agreement between the insured and a specific third party at the date of issuance. The

---

[2] The Trust spends a great deal of time discussing whether Count I satisfies the criteria of Fed. R. Civ. P. 11(b) but did not file a motion for sanctions under Fed. R. Civ. P. 11(c). Because no such motion is before the court, we decline to discuss PHL's compliance with Fed. R. Civ. P. 11(b) at this time.

Trust misapprehends the nature of PHL's legal theory for rescission; the insurer argues that the contract should be rescinded because the Trust lacked an insurable interest in Gelb's life at the time it purchased the policy. Illinois law "forbids one person who has no interest in the continuance of the life of another from speculating on that life by procuring a policy of insurance." *Colgrove v. Howe*, 175 N.E. 569, 571 (Ill. 1931); *see also Bajwa v. Metro. Life Ins. Co.*, 776 N.E.2d 609, 616-17 (Ill. App. Ct. 2002). PHL need not plead the existence of a collateral agreement between the insured and a third party in order to establish a plausible claim for rescission under such a theory. Given the nature of the company's claim and its allegation that the Trust had no insurable interest in Gelb's life at the time of issuance, we conclude that Count II has sufficient factual matter to survive dismissal under Rule 8.[3]

## II.     Motion To Strike

The Trust asks that we strike PHL's requests to retain a portion of the premiums paid by the Trust to offset PHL's alleged damages because the election of remedies

---

[3] The Trust also argues that the contestability provision in the policy at issue required PHL to conduct an investigation and discover facts justifying rescission prior to the end of the two-year contest period. *See* 215 ILCS § 5/224(1)(c) (requiring all insurance policies to include a term stating that the policy cannot be contested more than two years after issuance). The Trust did not provide any Illinois case law that would indicate that contestability clauses impose a duty to investigate on insurers. Even if Illinois law imposed such a duty, PHL would have satisfied their obligations by requesting supporting documentation from the Trust. Accordingly, we are unable to find any reason to dismiss PHL's claims based on the contestability provision.

doctrine precludes such relief. The election of remedies doctrine prohibits plaintiffs from pursuing inconsistent forms of relief. *See People ex rel. Ames v. Marx*, 18 N.E.2d 915, 919 (Ill. 1938). "[A] remedy based on affirmance of a contract (e.g., damages) is generally inconsistent with one based on the disaffirmance of the contract (e.g., rescission)." *Lempa v. Finkel*, 663 N.E.2d 158, 163 (Ill. App. Ct. 1996). PHL responds that we should uphold their request to retain premiums as damages in this case because they allege that the Trust engaged in fraudulent conduct. We decline to accept the insurer's argument for two reasons. First, PHL expressly denied that its claims for rescission are predicated on allegations that the Trust engaged in fraud in procuring the policy at issue. Second, even if the company had made such an assertion, the election of remedies rule "applies even where the party against whom rescission is sought has committed fraud" and damages would still be unavailable. *Puskar v. Hughes*, 533 N.E.2d 962, 966 (Ill. App. Ct. 1989). We therefore grant the Trust's motion to strike PHL's request to retain a portion of the premiums as damages.[4]

The Trust also asks that we strike PHL's request to retain premiums in the amount of the commissions paid by the company to agents or sales representatives related to the sale of the policy. "[R]escission is the cancelling of a contract so as to

---

[4] We may revisit this portion of our ruling should the facts developed during discovery afford a basis for any such reconsideration.

restore the parties to their initial status[.]" *Horan v. Blowitz*, 148 N.E.2d 445, 449 (Ill. 1958). In restoring the status quo that prevailed prior to entering into the agreement, the party seeking rescission may recover any benefits received by the other party under the contract. *See Puskar*, 533 N.E.2d at 967. In this case, the commissions PHL paid to third party agents and representatives did not confer any benefit upon the Trust. Accordingly, PHL may not recover those amounts in a rescission action. The motion to strike PHL's request to retain premiums for commissions paid by the company is also granted.

## CONCLUSION

The motion to dismiss is denied. The motion to strike is granted.

_Charles P. Kocoras_
_____
Charles P. Kocoras
United States District Judge

Dated:   October 27, 2010